GOULD, Circuit Judge,
concurring:
At trial and on this appeal, Sadoski stated that her claims against defendants Bell, Roger, and Crawford would fail if we concluded that Judge Mosley was entitled to absolute immunity. The district court accepted Sadoski’s concession and did .not separately address the standards for immunity of the prosecutors and of the corrections official. The opinion of our court on this appeal also accepts the appellant’s concession and does not address the immunity .standards for the other defendants. To avoid the risk that a reader might think incorrectly that the immunity of the prosecutor and the corrections official turns on the resolution of the issue, of. judicial iim munity, I write separately to express the view that the prosecutor and the eorrec-tiong official would here have immunity even if Judge Mosley had acted in the clear absence of all jurisdiction.
Generally, a prosecutor is immune from civil liability for actions taken during the course of the prosecutor’s duties. See Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986) (“Where a prosecutor acts as an advocate in initiating.a prosecution and in presenting the state’s case, absolute immunity applies.” (internal quotations omitted)). Defendants Bell and Roger were acting as advocates when they participated in Sadoski’s re-sentencing and subsequent parole revocation, and they are entitled to immunity for their actions in this case. See id. This would be true even if Judge Mosley had acted in the clear absence of all jurisdiction.
We have not considered whether a type of absolute immunity applies to a corrections official who imprisons a defendant pursuant to a facially valid judicial order. We have said, however, that “[t]he fearless and unhesitating execution of court orders is essential if the court’s authority and ability to function are to remain uncompromised.” Coverdell v. Dep’t of Soc. & Health Servs., 834 F.2d 758, 765 (9th Cir.1987) (concluding that a social worker who sought, obtained, and executed a court order to remove a child from her mother’s care was entitled to absolute quasi-judicial immunity). If this issue were reached, I would agree with the Eighth Circuit that a corrections official who executes a valid court order is entitled to absolute immunity from liability based on the fact of a prisoner’s incarceration. See Patterson v. Von Riesen, 999 F.2d 1235, 1241 (8th Cir.1993) (“We simply conclude that a warden is absolutely immune from damages flowing from the fact of a prisoner’s incarceration, when that incarceration occurs pursuant to a facially valid order of confinement.”). Permitting Sadoski’s suit to proceed against Crawford would create a risk of harassing litigation aimed at corrections officials who are entitled to absolute immunity when they follow a facially valid court order. This, again, would be true even if Judge Mosley had acted in a clear absence of all jurisdiction.
It is a reasonable judicial procedure to accept the stipulation of Sadoski’s counsel *1081 that we should affirm the district court’s dismissal of suit against the other defendants if we concluded that Judge Mosley was entitled to absolute immunity. However, it is important to keep in mind that the standards for immunity of the various defendants differ and that, if the issues were reached, on the record here, both the prosecutors and the corrections official would be entitled to immunity for their respective actions, even if Judge Mosley had acted in the clear absence of all jurisdiction.